Ryan P. Harley, Esq. (State Bar Number 245059)
Joshua A. Cohen (State Bar No. 180293)
Michelle C. Jackson (State Bar Number 170898)
**COLLINS + COLLINS LLP**
**2175 N. California Boulevard, Suite 835**
**Walnut Creek, CA 94596**
**(510) 844-5100 - FAX (510) 844-5101**
Email: rharley@ccllp.law
Email: jcohen@ccllp.law
Email: mjackson@ccllp.law

Attorneys for Defendant
APARTMENT MANAGEMENT CONSULTANTS, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

_____ DIVISION

| | |
|---|---|
| ROSA NAVARRO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>APARTMENT MANAGEMENT CONSULTANTS, LLC, a Utah limited liability company, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. _____<br><br>**DEFENDANT APARTMENT MANAGEMENT CONSULTANTS, LLC'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT – NORTHERN DISTRICT OF CALIFORNIA**<br><br>**[28 U.S.C. § 1446(d)]**<br><br>[Superior Court of the State of California, County of Alameda, Case No. 23CV055222] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant Apartment Management Consultants, LLC ("AMC" or "Defendant") hereby removes this action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

///

///

*24367*

1
NOTICE OF REMOVAL

**Procedural History and Timeliness of Removal**

1. On December 8, 2022, Rosa Navarro ("Plaintiff"), on behalf of herself and a purported class of all similarly situated individuals, filed a civil action in the Superior Court of the State of California, County of San Diego, entitled *Rosa Navarro v. Apartment Management Consultants, LLC*, Case No. 37-2022-00049211-CU-OR-CTL. (Declaration of Michelle C. Jackson ("Jackson Decl."), Ex. 1 (SDSC Complaint).) Despite being filed in the County of San Diego, the Complaint itself specifically stated the matter was venued in Alameda County because the acts complained of occurred in the County of Alameda and Plaintiff's injuries were sustained in Alameda County. (*Id.*, p.1:12-17.)

2. On January 5, 2023, Defendant received a copy of the SDSC Complaint. (Jackson Decl., Ex. 2 (Proof of Service).)

3. On February 3, 2023, Defendant filed a Notice of Removal in the United States District Court for the Southern District of California, on February 3, 2023. (Jackson Decl., Ex. 3.) Removal was pursuant to Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) and 1453(b) ("CAFA"). Defendant was barred from filing a Removal in the Northern District of California, even though Plaintiff admitted the matter belonged in Alameda County, since removal of State court actions can only be "for the district and divisions within which such action is pending." 28 U.S.C. § 1446(a).

4. On March 14, 2023, in San Diego County Superior Court, Defendant filed a Notice of Filing of Notice of Removal in the United States District Court for the Southern District of California. (Jackson Decl., Ex. 4.)

5. On February 10, 2023, in the Southern District of California, Defendant filed a Motion to Dismiss and/or Transfer Plaintiff's Southern District of California Complaint. (Jackson Decl., Ex. 5.)

6. On February 27, 2023, Plaintiff filed a Motion for Remand in the Southern District of California. (Jackson Decl., Ex. 6.)

7. On February 27, 2023, in the Southern District of California, Plaintiff filed an Opposition to Defendant's Motion to Dismiss and/or Transfer of Plaintiff's SDSC Complaint to the Southern District of California. (Jackson Decl., Ex. 7.)

///

8. On March 6, 2023, Defendant filed a Reply Brief in Support of Motion to Dismiss and/or Transfer Plaintiff's Complaint to the Southern District of California. (Jackson Decl., Ex. 8.)

9. On March 13, 2023, in the Southern District of California, Defendant filed an Opposition to Plaintiff's Motion for Remand. (Jackson Decl., Ex. 9.)

10. On March 20, 2023, Plaintiff filed a Reply Brief in Support of Motion for Remand. (Jackson Decl., Ex. 10.)

11. On June 16, 2023, the US District Court Southern District of California's issued its Order: Granting in Part and Denying in Part Motion to Transfer and/or Dismiss; and Denying Motion to Remand as Moot. (Jackson Decl., Ex. 11.) The Court denied Plaintiff's Motion to Remand, while granting in part and denying in part Defendant's Motion to Dismiss or Transfer. The Court denied Defendants' motion to dismiss, based on lack of subject-matter jurisdiction, remanding back to State court. (*Id.*)

12. On June 27, 2023, Plaintiff filed an Amended Class Action Complaint Seeking Declarative Relief, Damages, Injunctive Relief and Restitution ("Amended Complaint") in San Diego County Superior Court. (Jackson Decl., Ex. 12.) This Complaint once again indicates this matter belonged in Alameda County, because the acts complained of occurred in the County of Alameda and Plaintiff's injuries were sustained in Alameda County. (*Id.*, p.1:12-19.)

13. On June 27, 2023, Plaintiff served Defendant with the Proof of Service for Plaintiff's Amended Complaint, filed in San Diego Superior Court. (Jackson Decl., Ex. 13.)

14. On August 21, 2023, Plaintiff filed in San Diego County Superior Court, an *Ex Parte* Application to Transfer Venue, or Alternatively, for Order Shortening Time to Hear Noticed Motion to Transfer. (Jackson Decl., Ex. 14.)

15. On August 21, 2023, Defendant filed in San Diego County Superior Court it's Objection to Plaintiff's *Ex Parte* Application. (Jackson Decl., Ex. 15.)

16. On September 11, 2023, in San Diego County Superior Court, Plaintiff filed a Motion to Transfer Venue to Alameda County Superior Court on the basis that all of Plaintiff's injuries, and Defendant's violations of Civil Code section 1950.5 occurred in Alameda County. (Jackson Decl., Ex. 16.)

17. On September 25, 2023, in San Diego County Superior Court, Defendant filed an Opposition to Plaintiff's Motion to Change Venue to Alameda County Superior Court. (Jackson Decl., Ex. 17.)

18. On September 25, 2023, in San Diego County Superior Court, Plaintiff filed an Opposition to Defendant's Motion to Quash Service of Summons or to Stay or Dismiss. (Jackson Decl., Ex. 18.)

19. On September 28, 2023, in San Diego County Superior Court, Specially Appearing Defendant filed a Motion to Quash Service of Summons or to Stay or Dismiss Action. (Jackson Decl., Ex. 19.)

20. On September 29, 2023, in San Diego County Superior Court, Defendant filed a Reply to Opposition Re: Motion to Quash Service of Summons or to Stay or Dismiss Action. (Jackson Decl., Ex. 20.)

21. On September 29, 2023, in San Diego County Superior Court, Plaintiff filed a Reply in Support of Motion to Transfer Venue to Alameda County Superior Court. (Jackson Decl., Ex. 21.)

22. On October 6, 2023, the San Diego County Superior Court issued its Minute Order Granting Plaintiff's Motion to Transfer Venue to Alameda County Superior Court. (Jackson Decl., Ex. 22.) The Court noted that since the motion to transfer venue was heard before Defendant's motion to quash, the transfer operates as a stay of the matter, and therefore the motion to quash should be heard after the transfer of the case. (*Id.*)

23. On November 30, 2023, the San Diego County Superior Court transferred *Rosa Navarro v. Apartment Management Consultants*, San Diego County Superior Court Case No. 37-2022-00049211-CU-OR-CTL, to Alameda County Superior Court. On December 12, 2023, Alameda County Superior Court received the matter and assigned a new case number of 23CV055222. (Jackson Decl., Ex. 23.)

24. On December 12, 2023, the Alameda County Superior Court filed the *Rosa Navarro, individually and on behalf of all others similarly situated v. Apartment Management Consultants, LLC*, Case No. 23CV055222, Amended Class Action Complaint ("Amended Complaint"). (Jackson Decl., Ex. 24.)

25. On January 15, 2024, the Notice of Case Assignment and Notice of Case Management Conference in *Rosa Navarro, individually and on behalf of all others similarly situated v. Apartment Management Consultants, LLC,* Case No. 23CV055222, was sent to Defendant without a proof of service, and on February 1, 2024 a proof of service was received. (Jackson Decl., Ex. 25.) This Notice of Removal to the United States District Court – Northern District of California is therefore timely. *See* 28 U.S.C. § 1446(b)(1) (removal is timely if filed within 30 days of defendant's receipt of the amended pleading). This was the first opportunity that Defendant had to file a Motion for Removal to the Northern District of California, now that the matter was properly filed in Alameda County.

26. On February 13, 2024, Defendant filed the Notice of Filing of Notice of Removal (without exhibits) in the Superior Court of the State of California, County of Alameda

27. Apartment Management Consultants, LLC is the only Defendant in this action.

**Basis for Removal Jurisdiction**

28. <u>Generally</u>. This action is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) and 1453(b), for at least the following reasons noted below.

29. <u>Covered Class Action</u>. Plaintiff brings this action as a class action pursuant to California Civil Code of Procedure § 382, on behalf of herself and all other similarly situated persons in the subclasses. (Amended Complaint ¶ 62.) Plaintiff lists **174 apartment complexes** owned and/or operated by Defendant, as the locations where the putative plaintiffs reside. (Amended Complaint, ¶ 9.) Plaintiff's Amended Complaint identifies two subclasses of putative plaintiffs: (1) Unsubstantiated-Charges Class: which encompasses **all former residents** of Defendant's 174 California properties whose leaseholds were terminated between December 9, 2018 to the date of trial, and had **at least $125** of their security deposit retained for cleaning, repairs, and/or other charges; and (2) Excessive Late Fee Class: which includes **all current and former residents** of Defendant's 174 California properties, who were subject to Defendants' Excessive Late Fee policy between December 9, 2018 and the date of trial. (Collectively referred to as "Plaintiff Class".) (Amended Complaint, ¶¶ 11, 62 & 63, *emphasis added*.) This action meets the CAFA definition of a class action, which is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure, or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a),

COLLINS + COLLINS LLP
2175 N. California Blvd., Suite 835, Walnut Creek, CA 94596
T: (510) 844-5100
F: (510) 844-5101

(b).

30. <u>Diversity</u>. The minimal diversity standard of CAFA is met so long as any defendant is a citizen of a state different from any member of the putative class of plaintiffs. 28 U.S.C. § 1332(d)(2)(A). Minimal diversity is also met if any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and defendant is a citizen of a State. 28 U.S.C. § 1332(d)(2)(B).

    a. Plaintiff alleges she is a citizen of California. (Amended Complaint, ¶ 5.) The putative class includes all **former** and current residents of Defendants' California properties, which would include citizens of every other state as well as citizens of one or more foreign states. (Amended Complaint, ¶ 62.)

    b. As of the date the Amended Complaint was filed in Alameda County Superior Court, and the date of this Removal, Defendant is a Utah limited liability company with its principal place of business in Utah. (Declaration of Joel Zenger ("Zenger Decl."), Ex. 1, ¶ 2.) Defendant is headquartered in Utah, and Utah is the state where Defendant's high-level officers direct, control and coordinate the activities of Defendant. (*Id.*) *See* 28 U.S.C. § 1332(d)(10); *Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.L.C.*, 768 F.3d 425, 426, fn. 2 (5th Cir. 2014); *Bartels by & through Bartels v. Saber Health Grp., LLC*, 880 F.3d 668, 673, fn. 2 (4th Cir. 2018); *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010). Plaintiff acknowledges that Defendant is a Utah limited liability company, with business operations in Utah. (Amended Complaint, ¶ 7.)

    c. Accordingly, this action satisfies the diversity requirements of CAFA, 28 U.S.C. § 1332(d)(2)(A), since Plaintiff alleges that at least 1 member of the purported class of plaintiffs (citizens of all states and all foreign states) is a citizen of a state different from any one defendant (citizen of Utah).

31. <u>Amount in Controversy – Alleged Compensatory Damages</u>. This Court has original jurisdiction over a class action "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The claims of the individual class members are aggregated to determine whether the matter in controversy requirement is met. 28 U.S.C. § 1332(d)(6). Where, as here, the Amended Complaint does not specify the amount of damages sought, "a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount of controversy in its notice of removal." *Ibarra v. Manheim Invs.,* 775 F.3d

24367

6
NOTICE OF REMOVAL

COLLINS + COLLINS LLP
2175 N. California Blvd., Suite 835, Walnut Creek, CA 94596
T: (510) 844-5100
F: (510) 844-5101

1193, 1197-1198 (9th Cir. 2015). No submission of evidence accompanying the removal notice is required. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Defendant's burden requires "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89.

32. Plaintiff asserts three causes of action against Defendant: (1) Unlawful Retention of Residential Security Deposits (Civil Code § 1950), (2) Unfair Business Competition (Business and Professions Code § 17200, et seq.), and (3) Unlawful Liquidated Damages (Civil Code § 1671). Amongst the remedies sought are the return of the security deposits that Plaintiff and the Plaintiff Class paid to Defendant (Amended Complaint, ¶ 90), and the late fees paid by Plaintiff and the Plaintiff Class members to Defendant (Amended Complaint, ¶ 91.)

　　a. Plaintiff identifies 174 apartment complexes, with multiple individual units, and alleges "thousands of Plaintiff Class members in total, and a sufficiently numerous amount in each of the proposed subclasses." (Amended Complaint, ¶¶ 9, 63(a), emphasis added.) Plaintiff claims that she paid a security deposit of "approximately more than $2,000." (Amended Complaint, ¶ 43.) Plaintiff also makes a general claim of being charged a late fee, "in the same amount for each instance when her rent was paid late, regardless of the amount or number of days late." (Amended Complaint, ¶ 60.)

　　b. Plaintiff's Amended Complaint notes that the different members of the Plaintiff Class may have incurred different amounts in monetary damages, for example some members of the Unsubstantiated-Charges Class may have incurred $125 in damages, while others may have more due to Defendant's policies and practices related to security deposits. (Amended Complaint, ¶ 63.) Additionally, members of the Excessive Late Fee Class may have incurred multiple late fees while others only incurred one. (Id.)

　　c. Defendant disputes Plaintiff's allegations, and disputes liability to Plaintiff or to the putative class. Without conceding any merit to Plaintiff's damages allegations or causes of action, a plain reading of the Amended Complaint demonstrates that the

amount in controversy exceeds $5,000,000 for purposes of removal. Just estimating the return of $2,000 in security deposits, and at least $125 in late fees for the "thousands" of alleged class members, puts the amount in controversy far in excess of the $5,000,000 jurisdictional limitations under CAFA.

29. Amount in Controversy – Alleged Statutory Damages. Plaintiff seeks penalties pursuant to Civil Code section 1950.5 (1), which is twice the amount of the security deposit, in addition to actual damages (Amended Complaint, ¶ 92). Plaintiff also seeks damages pursuant to Civil Code section 3345, which allows treble damages for unfair business acts or practices or unfair methods of competition as to senior citizens, disabled persons, or veterans. (Amended Complaint, ¶ 93.) While Defendant disputes that penalties are warranted in this case, this Court should consider the alleged statutory penalties in determining that the amount in controversy in this case exceeds $5,000,000. Assuming there are a minimum of 2,000 ("thousands") claimants from the 174 apartment complexes, with a $2,000 deposit each, that adds up to $4,000,000, which becomes $8,000,000 due to the penalties under Civil Code section 1950.5 (1). Then adding on the $125 late fee for the 2,000 claimants the ultimate amount becomes $8,250,000, well over the $5,000.000 CAFA requirement.

30. Amount in Controversy – Alleged Attorneys' Fees. Plaintiff also seeks an award of attorneys' fees and expenses pursuant to Code of Civil Procedure section 1021.5. (Amended Complaint, ¶ 96.) While Defendant disputes that any attorneys' fees are recoverable, this request should be included in determining the amount in controversy. *See Fritsch v. Fritsch Transp. Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (reversing remand and holding that "attorneys' fees are at stake in the litigation, and must be included in the amount in controversy").

31. Accordingly, based on Plaintiff's allegations and the scope of the class, which consists of all former and current residents of **174 apartment complexes** (Amended Complaint, ¶ 9), over approximately five plus years, the $5,000,000 amount in controversy requirement is satisfied here, exclusive of interest and costs, as noted above.

32. CAFA Exceptions Do Not Apply. Remand is not mandated as Defendant is not a citizen of California which is the state in which the action was originally filed. 28 U.S.C. § 1332(d)(4).

///

*24367*

**Notice to State Court**

33. A copy of this Notice of Removal was filed with the Clerk of the Superior Court of the State of California, Alameda County, as required by 28 U.S.C. § 1446(d). (Jackson Decl., Ex. 26, attaching state court removal notice without exhibits)

**Intradistrict Assignment**

34. Assignment of this action to the United States District Court for the Northern District of California is appropriate because this action is currently filed in the Superior Court of the State of California, Alameda County.

Accordingly, Defendant respectfully submits that this action is removed properly pursuant to the Class Action Fairness Act. By filing this Notice of Removal, Defendant does not waive, either expressly or implicitly, its right to assert any defense which it could have asserted in the Superior Court of the State of California for the County of Alameda.

DATED: February 13, 2024         COLLINS + COLLINS LLP

By: _____
MICHELLE C. JACKSON
RYAN P. HARLEY
JOSHUA A. COHEN
Attorneys for Defendant
APARTMENT MANAGEMENT
CONSULTANTS, LLC

**PROOF OF SERVICE**
**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

State of California,       )
                           ) ss.
County of Los Angeles.     )

  I am employed in the County of Los Angeles. I am over the age of 18 and not a party to the within action. My business address is 790 E. Colorado Boulevard, Suite 600, Pasadena, California 91101.

  On this date, I served the foregoing document described as **DEFENDANT APARTMENT MANAGEMENT CONSULTANTS, LLC'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT – NORTHERN DISTRICT OF CALIFORNIA** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Pasadena, California to be served on the parties as indicated on the attached service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Pasadena, California.

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached service list.

☐ **(ELECTRONIC SERVICE PER CODE CIV. PROC., § 1010.6)** – By prior consent or request or as required by rules of court (Code Civ. Proc., § 1010.6 (amended Jan. 1, 2021); Code Civ. Proc., § 1013(g); Cal. Rules of Court, rule 2.251(a)).

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on February 13, 2024 at Pasadena, California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*/s/ Anna Yogore*
ANNA M. YOGORE
ayogore@ccllp.law

24367

10
NOTICE OF REMOVAL

**Rosa Navarro v. Apartment Management Consultants, LLC**
USDC Northern District of California Case Number: _____
**CCLLP File Number: 24367**

**SERVICE LIST**

Jeffrey L. Hogue, Esq.
Tyler J. Belong, Esq.
HOGUE & BELONG
710 Laurel Street
San Diego, CA 92101
619-238-5720 – Fax 619-238-5260
jhogue@hoguebelonglaw.com
tbelong@hoguebelonglaw.com
**Attorneys for Plaintiff Rosa Navarro and all others similarly situated**