UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA NAVARRO,<br><br>       Plaintiff,<br><br>   v.<br><br>APARTMENT MANAGEMENT CONSULTANTS, LLC,<br><br>       Defendant. | Case No. 24-cv-00856-AMO<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 17 |

This is a putative class action brought by a tenant against her property manager for the allegedly improper withholding of security deposits and imposition of late fees. Before the Court is Plaintiff Rosa Navarro's motion to remand the case to state court. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for July 11, 2024, is VACATED. *See* Civil L.R. 7-6. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby GRANTS the motion to remand for the following reasons.

I. **BACKGROUND**

Navarro originally filed this lawsuit against Defendant Apartment Management Consultants, LLC ("AMC") in the Superior Court of the State of California for the County of San Diego on December 8, 2022, on behalf of herself and all others similarly situated. Jackson Decl. ¶ 2, Ex. 1. On February 3, 2023, AMC filed its first Notice of Removal of this case to the United States District Court for the Southern District of California under the Class Action Fairness Act of 2005 ("CAFA"), Title 28 U.S.C. § 1332(d)(2). *Id.* ¶ 4, Ex. 3. Following briefing on Navarro's motion to remand, the Southern District remanded the case to San Diego Superior Court on June

1  16, 2023. *Id.* ¶ 12, Ex. 11. On June 27, 2023, Navarro filed her FAC in San Diego County
2  Superior Court and served it on AMC the same day. *Id.* ¶¶ 13-14, Exs. 12-13.
3      On October 6, 2023, the San Diego Superior Court granted Navarro's Motion to Transfer
4  Venue to Alameda Superior Court and served notice transferring venue on all parties. *Id.* ¶ 23, Ex.
5  22. On November 30, 2023, the San Diego Superior Court transferred Navarro's case to Alameda
6  Superior Court and served notice on all parties. *Id.* ¶ 24, Ex. 23. On December 12, 2023, the
7  Alameda Superior Court sent the parties a Notice of Case Assignment. *Id.* Navarro's counsel
8  shared a copy of the Notice with counsel for AMC on January 15, 2024. Belong Decl. ¶ 6, Ex. C.
9  AMC filed its second Notice of Removal, this time to the Northern District of California, on
10 February 13, 2024, again asserting that the federal court has subject matter jurisdiction under
11 CAFA. ECF 1.

**II.  DISCUSSION**

**A.  Legal Standard**

    A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

    Under Section 1446, a defendant must file a notice of removal within 30 days of either of two events, or else removal is untimely. First, a defendant must remove "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Second, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an

amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The 30-day time limit is mandatory and a failure to comply with this requirement "renders the removal procedurally defective." *DeMichele v. Loewen, Inc.*, No. C 12-00628 CRB, 2012 WL 1980828, at *3 (N.D. Cal. June 1, 2012).

### B. Timeliness of Removal

The threshold question presented by the instant motion is whether AMC's notice of removal was timely. AMC argues that its notice of removal was timely because it removed within 30 days following receipt of the case number from Alameda Superior Court. Opp. at 7. But this misstates the standard. The time for removal is within 30 days from receipt of a pleading from which it may first be ascertained that the case is removable, not 30 days from receipt of a case number from a transferee state court. *See* 28 U.S.C. § 1446(b)(3).

AMC received the operative complaint on June 27, 2023. Jackson Decl. ¶¶ 13-14, Exs. 12-13. The removability of this action to federal court based on subject matter jurisdiction was thus ascertainable as of June 27, 2023. AMC fails to point to any new facts concerning subject matter jurisdiction in the period since June 27, 2023. Accordingly, AMC's deadline to remove to federal court was thirty (30) days after receipt of the operative complaint – i.e., July 27, 2023. *See* 28 U.S.C. §1446(b)(3). AMC's subsequent removal to this Court on February 13, 2024, was untimely.

In its filings opposing transfer from San Diego to Alameda, AMC expressly acknowledged that it was too late to remove to federal court. Jackson Decl. Ex. 19 at 9 (ECF 1-5 at 401) ("A removal after transfer of venue to Alameda would not be timely under 28 U.S.C. § 1446(b)(1), (2)(B), (3), (c)(1), and thus this sequence followed by a transfer at the state court level would be prejudicial to the Defense."). Defendant makes no effort to identify any changed circumstances that would restart the clock and permit removal now.

The Court does not reach Navarro's remaining arguments regarding the amount in controversy because it is not necessary to assess the propriety of the Court's subject matter jurisdiction over the case where it was untimely removed in the first instance.

### C. Request for Attorneys' Fees

Plaintiff's Counsel includes a request for attorneys' fees in her motion and reply papers. *See* Belong Decl. (ECF 17-2) & Belong Decl. (ECF 25-1). The Court denies this request without prejudice for failure to comply with Civil Local Rule 54-5, which requires counsel to meet and confer prior to filing requests for attorneys' fees.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Navarro's motion to remand. The Court **REMANDS** the case to the California Superior Court for the County of Alameda. The Court **TERMINATES as MOOT** Defendant's motion to dismiss.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 10, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**